No. 05-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 176N

DOUGLAS BOESE,

       Plaintiff and Appellant,

  v.

JAMES MacDONALD,

       Defendant and Respondent.

APPEAL FROM:    The District Court of the Ninth Judicial District,
                 In and For the County of Toole, Cause No. DV 2005-027,
                 Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Douglas Boese, *pro se*, Deer Lodge, Montana

       For Respondent:

           David M. McLean, Ryan C. Willmore; Browning,
           Kaleczyc, Berry & Hoven, P.C., Missoula, Montana

Submitted on Briefs:  May 10, 2006

Decided:  August 1, 2006

Filed:

_____
                      Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document, its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Douglas Boese appeals the judgment of the District Court for the Ninth Judicial District, Toole County, affirming a decision of the Justice Court in favor of defendant James MacDonald. We affirm.

¶3    We address the following issues on appeal:

¶4    1. Whether the District Court correctly decided that Boese's right to due process was not violated by not having all witness statements available.

¶5    2. Whether the District Court correctly decided that Boese's right to due process was not violated by not ensuring that all witnesses named on Boese's witness list were present at trial.

**Factual and Procedural Background**

¶6    Boese was an inmate at the Crossroads Correctional Center (CCC) in Shelby. In December 2004, in response to an anonymous kite alleging that Boese's cell contained excess blankets, CCC staff conducted a search of Boese's cell. After the search, Boese contended that a garbage bag containing his legal

2

files was confiscated and later destroyed. Boese did not challenge the search of his cell. Instead, he filed an action in the Toole County Justice Court, Small Claims Division, against MacDonald, the warden of CCC, seeking relief for the alleged destruction of his legal files.

¶7 On March 10, 2005, Boese filed a document with the Justice Court entitled "Motion for Order Directing Defendant James MacDonald to turn over all previously requested Documents." In that document, Boese alleged that the parties agreed at the February 2, 2005 pre-trial hearing in this matter to collect and exchange witness statements. However, Boese provided no evidence of this agreement and MacDonald denied ever receiving a request from Boese for statements of staff witnesses. The Justice Court denied Boese's motion.

¶8 On March 17, 2005, Boese filed a document entitled "Motion for Witness Subpoenas" wherein he requested that the court issue subpoenas to those individuals designated as "staff" witnesses on his witness list. Boese failed to provide subpoenas to the court for the Judge's signature, however.

¶9 A trial in this matter was conducted on March 31, 2005. The Justice Court found Boese's testimony not credible and found in favor of MacDonald. Thereafter, Boese appealed to the District Court. Both parties submitted written arguments to the District Court and on July 18, 2005, that court issued its written decision affirming the lower court and finding in favor of MacDonald. Boese appeals.

¶10    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

**Issue 1.**

¶11    *Whether the District Court correctly decided that Boese's right to due process was not violated by not having all witness statements available.*

¶12    Boese claims that at the pre-trial conference in this matter, the Justice Court ordered the parties to collect and exchange witness statements and that MacDonald failed to give him copies of the witness statements of CCC staff. MacDonald argues, on the other hand, that Boese failed to request the witness statements and that Boese failed to cite any authority in support of his argument that he is entitled to said statements.

¶13    In his brief on appeal, Boese cites to *Serrano v. Francis* (9th Cir. 2003), 345 F.3d 1071, *cert. denied*, 543 U.S. 825, 125 S.Ct. 43, 160 L.Ed.2d 37 (2004), for his contention that the Fourteenth Amendment provides that prisoners are entitled to certain due process protections including the right to call witnesses and to have written statements.  As MacDonald points out in his response brief, *Serrano* actually states that prisoners have the right to call witnesses and "to have *a written statement by the fact-finder* as to the evidence relied upon and the reasons for the disciplinary action taken."  *Serrano*, 345 F.3d at 1077-78 (emphasis added).  Moreover, *Serrano* dealt with a prisoner's rights in relation to a

4

charge of a disciplinary violation. MacDonald correctly points out that rather than being a charge of a disciplinary violation, this is a civil claim and, as such, *Serrano* does not apply.

¶14 Likewise, the other cases cited by Boese, *Alcala v. Woodford* (9th Cir. 2003), 334 F.3d 862, and *Taylor v. Illinois* (1988), 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798, also do not apply. Both cases are criminal cases concerning the issue of excluding witnesses and deal with the right of an accused to present witnesses in his or her defense.

¶15 Here, Boese failed to provide any authority in support of his argument that he was entitled to the witness statements of CCC staff.

**Issue 2.**

¶16 *Whether the District Court correctly decided that Boese's right to due process was not violated by not ensuring that all witnesses named on Boese's witness list were present at trial.*

¶17 In his brief on appeal, Boese faults the clerk of court for not filling out and serving subpoenas on all his named witnesses. MacDonald maintains that it was Boese's duty to prepare and serve subpoenas to his witnesses and that Boese failed to do so.

¶18 "It shall be the duty of a party obtaining any order, judgment, warrant summons, subpoena or like order to present the same in written form for the signature of the judge at the time of applying for the same." Rule 8(a), M.U.R.J.C.C. Boese did file a motion to subpoena witnesses in this case. However, he failed to provide written subpoenas for the judge to sign.

5

Furthermore, Boese had a duty to deliver his subpoenas to the sheriff or other qualified person for service and a duty to cause the subpoenas to be served. Rules 10(a) and 9(b), M.U.R.J.C.C. Boese failed on both counts.

¶19 In addition, Boese asks that we remand this case to Justice Court for a new trial or, in the alternative, that we order MacDonald to pay Boese $450.00 to replace his legal files. We have previously stated that "a judgment for damages must be supported by substantial evidence that is not mere guess or speculation, although mathematical precision is not required." *In re Marriage of Mease*, 2004 MT 59, ¶ 42, 320 Mont. 229, ¶ 42, 92 P.3d 1148, ¶ 42 (citing *Cremer v. Cremer Rodeo Land & Livestock Co.* (1981), 192 Mont. 208, 214, 627 P.2d 1199, 1202). "Proof of damages must consist of a reasonable basis for computation and the best evidence obtainable under the circumstances which will enable a judge to arrive at a reasonably close estimate of the loss." *Mease*, ¶ 42 (citing *Smith v. Zepp* (1977), 173 Mont. 358, 370, 567 P.2d 923, 930). Boese failed to provide any tangible costs of alleged damages.

**Conclusion**

¶20 Based on the foregoing, we hold that Boese's right to due process was not violated in this case either by the State's failure to make witness statements available to him or by the failure of the Justice Court to ensure that all of the witnesses named on Boese's witness list were present at trial. We also hold that because Boese failed to provide any tangible replacement costs of his legal files, he is not entitled to damages.

¶21    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE